FILED

2011 Sep-06  PM 02:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

## ALABAMA SJIS CASE DETAIL



**DODSON**                                        **PREPARED FOR: Courtney Williams**

County: **01**    Case Number: **CV-2011-902740.00**  Court Action:
Style: **ROSALIND HUTCHINSON V. CAVALRY PORTFOLIO SERVICES, LLC ET AL**

REAL TIME

### Case Action Summary - CV201190274000

| Date: | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 08/02/2011 | 1:25:44 | EFILE | COMPLAINT E-FILED. | PHI053 |
| 08/02/2011 | 1:26:32 | ORIG | ORIGIN: INITIAL FILING          (AV01) | AJA |
| 08/02/2011 | 1:26:33 | FILE | FILED THIS DATE: 08/02/2011          (AV01) | AJA |
| 08/02/2011 | 1:26:34 | SCAN | CASE SCANNED STATUS SET TO: N | AJA |
| 08/02/2011 | 1:26:35 | STAT | CASE ASSIGNED STATUS OF: ACTIVE          (AV01) | AJA |
| 08/02/2011 | 1:26:36 | EORD | E-ORDER FLAG SET TO "N"          (AV01) | AJA |
| 08/02/2011 | 1:26:37 | ASSJ | ASSIGNED TO JUDGE: TOM KING, JR.          (AV01) | AJA |
| 08/02/2011 | 1:26:38 | TDMJ | JURY TRIAL REQUESTED          (AV01) | AJA |
| 08/02/2011 | 1:26:39 | C001 | C001 PARTY ADDED: HUTCHINSON ROSALIND          (AV02) | AJA |
| 08/02/2011 | 1:26:40 | ATTY | LISTED AS ATTORNEY FOR C001: PHILLIPS WESLEY LEVO | AJA |
| 08/02/2011 | 1:26:41 | EORD | C001 E-ORDER FLAG SET TO "N"          (AV02) | AJA |
| 08/02/2011 | 1:26:45 | D001 | D001 PARTY ADDED: CAVALRY PORTFOLIO SERVICES, LLC | AJA |
| 08/02/2011 | 1:26:46 | ATTY | LISTED AS ATTORNEY FOR D001: PRO SE          (AV02) | AJA |
| 08/02/2011 | 1:26:47 | SUMM | CERTIFIED MAI ISSUED: 08/02/2011 TO D001   (AV02) | AJA |
| 08/02/2011 | 1:26:48 | EORD | D001 E-ORDER FLAG SET TO "N"          (AV02) | AJA |
| 08/02/2011 | 1:26:51 | D002 | D002 PARTY ADDED: EQUIFAX INFORMATION SERVICES, LL | AJA |
| 08/02/2011 | 1:26:52 | ATTY | LISTED AS ATTORNEY FOR D002: PRO SE          (AV02) | AJA |
| 08/02/2011 | 1:26:53 | SUMM | CERTIFIED MAI ISSUED: 08/02/2011 TO D002   (AV02) | AJA |
| 08/02/2011 | 1:26:54 | EORD | D002 E-ORDER FLAG SET TO "N"          (AV02) | AJA |
| 08/02/2011 | 1:26:57 | D003 | D003 PARTY ADDED: EXPERIAN INFORMATION SOLUTIONS, | AJA |
| 08/02/2011 | 1:26:58 | ATTY | LISTED AS ATTORNEY FOR D003: PRO SE          (AV02) | AJA |
| 08/02/2011 | 1:26:59 | SUMM | CERTIFIED MAI ISSUED: 08/02/2011 TO D003   (AV02) | AJA |
| 08/02/2011 | 1:27:00 | EORD | D003 E-ORDER FLAG SET TO "N"          (AV02) | AJA |
| 08/02/2011 | 1:27:35 | EFILE | COMPLAINT - SUMMONS | |
| 08/08/2011 | 11:02:05 | SERC | SERVICE OF CERTIFIED MAI ON 08/04/2011 FOR D002 | ALW |
| 08/12/2011 | 8:55:10 | SERC | SERVICE OF CERTIFIED MAI ON 08/04/2011 FOR D001 | ALW |
| 08/12/2011 | 9:01:06 | SERC | SERVICE OF CERTIFIED MAI ON 08/04/2011 FOR D003 | ALW |

*END OF THE REPORT*



DEFENDANT'S
EXHIBIT
B



August 2, 2011

# NOTICE TO CLERK

REQUIREMENTS FOR COMPLETING SERVICE BY
CERTIFIED MAIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
ROSALIND HUTCHINSON V. CAVALRY PORTFOLIO SERVICES, LLC ET AL

**01-CV-2011-902740.00**

To: CLERK BIRMINGHAM
    clerk.birmingham@alacourt.gov

**TOTAL POSTAGE PAID FOR CERTIFIED MAIL: $22.29**

Parties to be served by **Certified Mail - Return Receipt Requested**

CAVALRY PORTFOLIO SERVICES, LLC                    D 001    Postage: $7.43
2 NORTH JACKSON STREET
SUITE 605                          7010 2780 0002 8184 6143
MONTGOMERY, AL 36104

EQUIFAX INFORMATION SERVICES, LLC                  D 002    Postage: $7.43
150 S. PERRY STREET
MONTGOMERY, AL 36104               7010 2780 0002 8184 6150

EXPERIAN INFORMATION SOLUTIONS, INC.               D 003    Postage: $7.43
2 NORTH JACKSON STREET
SUITE 605                          7010 2780 0002 8184 6167
MONTGOMERY, AL 36104

Parties to be served by **Certified Mail - Restricted Delivery - Return Receipt Requested**



*August 2, 2011*

# NOTICE TO CLERK

REQUIREMENTS FOR COMPLETING SERVICE BY
CERTIFIED MAIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
ROSALIND HUTCHINSON V. CAVALRY PORTFOLIO SERVICES, LLC ET AL

**01-CV-2011-902740.00**

To:  CLERK BIRMINGHAM
     clerk.birmingham@alacourt.gov

**TOTAL POSTAGE PAID FOR CERTIFIED MAIL: $22.29**

Parties to be served by **Certified Mail - Return Receipt Requested**

CAVALRY PORTFOLIO SERVICES, LLC                     D001        Postage: $7.43
2 NORTH JACKSON STREET
SUITE 605                          7010 2780 0002 8184 6143
MONTGOMERY, AL 36104

EQUIFAX INFORMATION SERVICES, LLC                   D002        Postage: $7.43
150 S. PERRY STREET
MONTGOMERY, AL 36104               7010 2780 0002 8184 6150

EXPERIAN INFORMATION SOLUTIONS, INC.                D003    Postage: $7.43
2 NORTH JACKSON STREET
SUITE 605                          7010 2780 0002 8184 6167
MONTGOMERY, AL 36104

Parties to be served by **Certified Mail - Restricted Delivery - Return Receipt Requested**



August 2, 2011

# NOTICE TO CLERK

REQUIREMENTS FOR COMPLETING SERVICE BY
CERTIFIED MAIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ROSALIND HUTCHINSON V. CAVALRY PORTFOLIO SERVICES, LLC ET AL

**01-CV-2011-902740.00**

To:  CLERK BIRMINGHAM
     clerk.birmingham@alacourt.gov

**TOTAL POSTAGE PAID FOR CERTIFIED MAIL: $22.29**

Parties to be served by **Certified Mail - Return Receipt Requested**

CAVALRY PORTFOLIO SERVICES, LLC                   D 001      Postage: $7.43
2 NORTH JACKSON STREET
SUITE 605                          7010 2780 0002 8184 6143
MONTGOMERY, AL 36104


EQUIFAX INFORMATION SERVICES, LLC                 D 002      Postage: $7.43
150 S. PERRY STREET
MONTGOMERY, AL 36104               7010 2780 0002 8184 6150


EXPERIAN INFORMATION SOLUTIONS, INC.              D 003   Postage: $7.43
2 NORTH JACKSON STREET
SUITE 605
MONTGOMERY, AL 36104               7010 2780 0002 8184 6167


Parties to be served by **Certified Mail - Restricted Delivery - Return Receipt Requested**



ELECTRONICALLY FILED
8/2/2011 1:25 PM
CV-2011-902740.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### BIRMINGHAM DIVISION

ROSALIND HUTCHINSON,         )
                                  )
     Plaintiff,                )
                                  )
                                  )
vs.                          )     Case No.: _____
                                  )
CAVALRY PORTFOLIO SERVICES, LLC;  )
EXPERIAN INFORMATION SOLUTIONS,  )
INC.; and EQUIFAX INFORMATION     )
SERVICES, LLC;                 )
                                  )
                                  )
     Defendants.             )

## COMPLAINT

COMES NOW Plaintiff, by and through counsel, in the above styled cause, and states his Complaint against the Defendants as follows:

### PARTIES

1.     Plaintiff Rosalind Hutchinson is a resident of Jefferson County, over 19 years of age, and is competent to bring this action.

2.     Defendant Cavalry Portfolio Services, LLC (hereinafter "Calvary") is registered in Delaware with its principal place of business located in Phoenix, Arizona and was doing business in Jefferson County, Alabama at all times material to this Complaint.  Calvary acted as a debt collector and debt buyer throughout the United States including Jefferson County, Alabama at all times material to this Complaint.

3.     Defendant Experian Information Solutions, Inc. (hereinafter "Experian") is an Ohio corporation with its principal place of business located in Orange, California and was doing

business in Jefferson County, Alabama at all times material to this Complaint.

4.      Defendant Equifax Information Services, LLC (hereinafter "Equifax") is registered in Georgia with its principal place of business located in Atlanta, Georgia and was doing business in Jefferson County, Alabama at all times material to this Complaint.

5.      Jurisdiction is proper in the Circuit Court of Jefferson County, Alabama.  Plaintiff is a resident of Jefferson County, and all of, or substantially all of, the wrongs complained of occurred in Jefferson County. The matter in controversy, exclusive of interest and costs, exceeds the minimum jurisdictional amount required by the Circuit Court of Jefferson County, Alabama.

## FACTUAL ALLEGATIONS

6.      In February, 2011, Defendant Cavalry sued Plaintiff in the Small Claims Court of Jefferson County, Alabama, with a case number of SM-11-772.  In this suit, Defendant Cavalry asserted it was the owner of a certain debt it claimed was allegedly owed by Plaintiff and asserted the amount owed was $1479.43.

7.      Plaintiff answered the Complaint with a denial of Cavalry's claims, and the trial of lawsuit numbered SM-11-772 occurred on or about May 12, 2011.

8.      On or about May 12, 2011, The Honorable John E. Amari, District Judge for Jefferson County, entered an Order finding for Ms. Hutchinson and against Cavalry in case number SM-11-772; and The verdict entered in favor of Plaintiff Rosalind Hutchinson and against Defendant Cavalry by the Court was a final adjudication on the merits.

9.       Defendant Cavalry did not appeal within the time allowed, thus, making the judgment a final judgment from which an appeal no longer lies.

10.     Defendant Cavalry is not the owner of this alleged debt.

11.     Defendant Cavalry reported to the credit reporting agencies that Plaintiff owed this

money and was in default.

12.     Plaintiff did not owe this money to Defendant Cavalry.

13.     The debt being collected is a "consumer debt" as defined by the FDCPA.

14.     Plaintiff is a "consumer" as defined by the FDCPA and FCRA.

15.     Defendant Cavalry is a "debt collector" as defined by the FDCPA.

16.     After the dismissal with prejudice by the Small Claims Division of the Jefferson County District Court, Plaintiff sent a letter to Defendant Experian requesting an investigation and/or reinvestigation of the account that still appeared on Plaintiff's credit reports with regard to Cavalry.

17.     Plaintiff requested the account be deleted, as Plaintiff did not owe said account.

18.     Plaintiff requested  Defendants Experian and Equifax to contact the Defendant Cavalry's attorney or the District Court to verify that Plaintiff had indeed won the lawsuit in order to determine that this account should be immediately deleted from her credit reports.

19.     No Defendant was concerned or cared about what the District Court did in the case as no Defendant had any intention of performing a reasonable investigation.

20.     In fact, no Defendant performed any type of reasonable investigation and/or re-investigation.

21.     Defendants Experian and Equifax notified Defendant Cavalry in accordance with the FCRA of the dispute by the Plaintiff.

22.     Alternatively, Defendants Experian and Equifax did not properly notify Defendant Cavalry and, as a part of this failure, did not include all relevant information provided by Plaintiff in their notification of Defendant Cavalry. This includes notification that Plaintiff won the lawsuit in the District Court.

23.     All Defendants failed to properly investigate and/or re-investigate these disputes, and

if Defendants had properly investigated, the accounts would have been deleted.

24.     On June 3, 2011, Defendant Equifax issued the result of its reinvestigation in Confirmation report number 1143004433 verifying the Cavalry account and refusing to delete said account although Plaintiff provided Defendant Equifax the proper information to show said account was not properly placed in or on her credit report, record, and/or file.  The report Defendant Equifax issued to Plaintiff shows the Cavalry account having a balance owed of $1501 which was and is inaccurate; in addition, the failure to properly and/or reasonably investigate and re-investigate by Defendants Experian and/or Cavalry following the entering of judgment against Defendant Cavalry in the District Court case it brought against Plaintiff shows Defendants failed and willfully refused to conduct an adequate and reasonable investigation and/or re-investigation into Plaintiff's dispute.

25.     On June 23, 2011, Defendant Experian issued the result of its investigation in Confirmation report number 2848-8223-95 verifying the Defendant Cavalry account and refusing to delete said account although Plaintiff provided Defendant Experian the proper information to show said account was not properly placed in or on her credit report, record, and/or file.  The report Defendant Experian issued to Plaintiff and the failure to properly and/or reasonably investigate and re-investigate by Defendants Experian and/or Cavalry following the entering of judgment against Defendant Cavalry in the District Court case it brought against Plaintiff shows that Defendants failed and willfully refused to conduct an adequate and reasonable investigation and/or re-investigation into Plaintiff's dispute.

26.     All Defendants were provided with more than sufficient information in the dispute and in their own internal sources of information (which includes the knowledge of Defendant Cavalry through its District Court trial counsel that Plaintiff won the case at trial) to conduct an investigation and to conclude that the account complained of was being reported incorrectly.

27.     Defendants Equifax and Experian have proclaimed in the past they were obligated to rely upon whatever the public records state about a consumer.

28.     For example, had Plaintiff not answered the Small Claims suit and a default judgment was entered, and Plaintiff disputed with the Consumer Reporting Agencies, Equifax and Experian would have taken the position that they were bound by the state court judgment which says Plaintiff owes the money.

29.     Defendants Equifax and Experian, however, refused to rely upon what the District Court judge actually rendered in this case, particularly, that Plaintiff prevailed at trial on the merits.

30.     The verdict for Plaintiff means the Plaintiff does not owe the money claimed by Defendant Cavalry; and the District Court's ruling was a final judgment.

31.     The dismissal with prejudice was not appealed to the Jefferson County Circuit Court, and there is no avenue for appeal for Defendant Cavalry of this judgment as the time to appeal has long since passed.

32.     Despite this knowledge, Defendants Equifax and Experian has completely abdicated its obligations under federal and state law and has instead chosen to merely "parrot" whatever the customer, Defendant Cavalry, has told it to say.

33.     Defendants Equifax and Experian has a policy to favor the paying customer, in this situation Defendant Cavalry, rather than what the consumer or even a court says about a debt.

34.     The primary reason for this wrongful policy is that furnishers in general, and debt collectors specifically, provide enormous financial rewards to these Defendants.

35.     The importance of keeping balances on credit reports is that all the Defendants understand that one of the most powerful methods furnishers (and debt collectors) have to wrench payment from a consumer is by placing accounts with balances on the consumer's credit reports.

36.     Defendant Cavalry has a policy and procedure to refuse to update credit reports of consumers, like Plaintiff, who do not owe the alleged debt. This practice and procedure keeps false information on the credit report. The false information consists of a balance shown as owed when Defendant Cavalry knows no balance is owed.

37.     Defendant Cavalry promises through its subscriber agreements or contracts to accurately update accounts but Defendant Cavalry has willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, FDCPA, and state law, which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

38.     Defendant Cavalry had a duty, and has a duty it assumed through the subscriber agreement and other actions, to accurately report the balances, and this duty was breached in a negligent, wanton, reckless, willful, intentional, and/or malicious manner.

39.     Defendant Cavalry has a policy and/or practice to "park" its accounts on at least one of the consumer's credit reports. In the credit reporting industry, the term "park" means to keep a false balance (or false account) on the credit report so that the consumer will be forced to pay off the balance in order to obtain a refinancing or to qualify for a loan or to increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendants' intentional and malicious conduct.  In this matter, Defendants Cavalry, Equifax, and Experians' failure to remove Plaintiff's account was precisely "parking" of an account in order to extort monies from consumers like Plaintiff in order to have an inaccurate trade line removed.

40.     In parking or allowing the parking of an account, all Defendants know they are violating their obligations and duties under federal and state law to accurately report the account and/or the balance.

41.     All Defendants know that parking a balance will lead to false and defamatory information being published every time the Plaintiff's credit report is accessed and this is the malicious and intentional design behind Defendants' actions with the goal to force the Plaintiff to pay on an account she does not owe.

42.     All Defendants maliciously, willfully, intentionally, recklessly, and/or negligently failed to review the information provided in the disputes and that was already in their files and to conduct a reasonable investigation and/or re-investigation into Plaintiff's disputes.

43.     At all relevant times Defendants Equifax and Experian failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report and/or to conduct a reasonable and proper investigation and/or re-investigation and/or provide proper consumer disclosures, concerning the accounts in question, violating 15 U.S.C. §§ 1681e(b), 1681i and state law.

44.      Defendant Cavalry  failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report and/or to conduct a reasonable and proper investigation and/or re-investigation, concerning the account in question, thus violating state law and FDCPA as set forth in this Complaint. These violations occurred before, during, and after the dispute process began with the consumer reporting agencies.

45.     Defendant Cavalry has taken aggressive actions in a continued effort to collect the alleged debt against Plaintiff. These actions include the continued reporting of the debt to third parties, including consumer-reporting agencies such as Experian, that Plaintiff owed the debt, that Plaintiff defaulted, and that the account was in collections.

46.     Defendants Equifax and  Experian has failed to maintain Plaintiff's accounts with

maximum accuracy and all Defendants have failed to properly investigate and/or re-investigate the accounts in response to the disputes made by Plaintiff.

47.     The conduct of the Defendants has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

48.     It is a practice of Defendant Cavalry to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA, FCRA, and state law.

49.     It is a practice of Defendants Equifax and Experian to maliciously willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FCRA, and state law.

50.     All actions taken by employees, agents, servants, or representatives of any type for any and/or all Defendants were taken in the line and scope of such individuals (or entities') employment, agency or representation.

51.     All actions taken by any and/or all Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA and/or FDCPA and/or state law and/or that they knew or should have known that their actions were in reckless disregard of the FCRA and/or FDCPA and/or state law.

52.     All Defendants have engaged in a pattern and practice of wrongful and unlawful behavior with respect to Plaintiff's accounts and consumer reports and as such all Defendants are subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by these Defendants and similar companies.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

53.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

54.     Defendant Cavalry violated the FDCPA in numerous ways, including, but not limited to the following:

       a.     Falsely reporting the debt on Plaintiff's credit reports when Plaintiff does not owe the money;

       b.     Suing the Plaintiff when there was no basis to do so;

       c.     Continuing to assert the suit in state court when Defendant Cavalry knew, or should have known, there was no basis for doing so; and

       d.     Engaging in collection activities on a debt that Plaintiff does not owe and that Defendant Cavalry is not entitled to collect upon.

55.     The violations of the FDCPA by the Defendant Cavalry are the proximate cause of Plaintiff's injuries under the FDCPA due to Defendant Cavalry's conduct which violated the FDCPA and caused Plaintiff's actual damages, statutory damages, costs, expenses, attorneys' fees, and including, but not limited to, Plaintiff's credit was and is damaged; Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendant Cavalry for statutory, actual, compensatory and/or punitive damages in the amount of $50,000, plus attorneys' fees, interest from

the date of injury, and the costs and expenses of this proceeding.

## COUNT II

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 et seq.

56.     All paragraphs of this Complaint are expressly adopted and incorporated by

reference as if fully set forth herein.

57.     Defendants Equifax and Experian is each a "consumer reporting agency," as codified

at 15 U.S.C. §1681a(f).

58.     Defendant Cavalry is an entity who, regularly and in the course of business,

furnishes information to one or more consumer reporting agencies about its transactions or

experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. §

1681s-2.

59.     Plaintiff notified Defendants Equifax and Experian directly of a dispute on the

Defendant Cavalry's account's completeness and/or accuracy, as reported.

60.     The credit reporting agencies, Defendants Equifax and Experian, failed to delete

inaccurate information, reinserted the information without following the FCRA,  failed to properly

investigate and/or reinvestigate Plaintiff's disputes, and failed to provide Plaintiff a proper report of

the results of its investigation and/or reinvestigation.

61.     Plaintiff alleges that at all relevant times Defendants Equifax and Experian failed to

maintain and failed to follow reasonable procedures to assure maximum possible accuracy of her

credit report with regard to the accounts in question in violation of 15 U.S.C. § 1681e(b).

62.     Plaintiff alleges that all Defendants failed to conduct a proper, reasonable and lawful

investigation and/or reinvestigation as well as provide a proper consumer disclosure in violation of 15 U.S.C. § 1681i. All Defendants were given notice the suit was dismissed with prejudice but apparently failed to review the court file, contact the District Court, and/or contact counsel for Defendant Cavalry and/or other proper and reasonable measures.

63.     All actions taken by the Defendants were done willfully, with malice, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were in violation of the FCRA and state law and/or that knew or should have known that their actions were in reckless disregard of the FCRA and/or state law.

64.     Defendants Equifax, Experian and/or Cavalrys' violations of the FCRA proximately caused the injuries and damages set forth in this Complaint, including, but not limited to, Plaintiff's credit was and is damaged;  Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendants Equifax, Experian, and/or Cavalry, jointly and severally, for statutory, actual, compensatory and/or punitive damages in the amount of $50,000, plus attorneys' fees, interest from the date of injury, and the costs and expenses of this proceeding.

## COUNT III

## DEFAMATION

65.     All paragraphs of this Complaint are expressly adopted and incorporated by

reference as if fully set forth herein.

66.     Defendant Cavalry published false information about Plaintiff by reporting to one or more of the Consumer Reporting Agencies (CRAs) the account merely showing it as being "disputed".

67.     Each time the credit reports of Plaintiff were accessed, a new publication occurred, which was the result intended by the Defendant.

68.     Plaintiff alleges that the publications and defamations were done maliciously, without privilege, and with a willful intent to injure Plaintiff.

69.     Plaintiff has been damaged as a proximate result of Defendant Cavalry's wrongful conduct as set forth in this Complaint, including, but not limited to, Plaintiff's credit was and is damaged; Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendant Cavalry for compensatory and punitive damages in the amount of $50,000, together with interest from the date of injury and the costs and expenses of this proceeding.

## COUNT IV

### INVASION OF PRIVACY

70.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

71.     Defendant Cavalry recklessly, intentionally, and/or willfully invaded the privacy of Plaintiff as set forth in Alabama law, including publishing false information about Plaintiff's

personal financial obligations and refusing to properly update the credit reports as described in this Complaint.

72.     Plaintiff has been damaged as a proximate result of Defendant Cavalry's wrongful conduct as set forth in this Complaint, including, but not limited to, Plaintiff's credit was and is damaged;  Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendant Cavalry for compensatory and punitive damages in the amount of $50,000, together with interest from the date of injury and the costs and expenses of this proceeding.

## COUNT V

## NEGLIGENT, RECKLESS, WANTON, MALICIOUS AND/OR INTENTIONAL CONDUCT

73.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

74.     Defendant Cavalry has a duty under Alabama law, and also assumed a duty through the subscriber agreement with the CRAs, to accurately report the account of Plaintiff.

75.     Defendant Cavalry has agreed to follow and understands it must follow the requirements of the FCRA.

76.     Defendant Cavalry has a duty under Alabama law to act reasonably under the circumstances.

77.     Defendant Cavalry has violated this duty under Alabama law by failing to

accurately report Plaintiff's account to the credit reporting agencies.

78.     Defendant Cavalry violated its duties to Plaintiff and such violations were made intentionally, recklessly, wantonly, maliciously, and/or negligently as Defendant refused to comply with all the duties Defendant had.

79.     Defendants Equifax and Experian violated their respective duties to Plaintiff by failing and refusing to use reasonable care in maintaining Plaintiff's credit file and such violations were made intentionally, recklessly, wantonly, maliciously, and/or negligently as Defendants refused to comply with all the duties each had or owed to Plaintiff.

80.     Plaintiff has been damaged as a proximate result of all Defendants' wrongful conduct as set forth in this Complaint, including, but not limited to, Plaintiff's credit was and is damaged; Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendants Equifax, Experian, and/or Cavalry, jointly and severally, for compensatory and punitive damages in the amount of $50,000, together with interest from the date of injury and the costs and expenses of this proceeding.

## COUNT VI

## NEGLIGENCE IN HIRING, SUPERVISING, AND/OR TRAINING

81.     All paragraphs of this Complaint are expressly adopted and incorporated herein as if set forth herein in their entirety.

82.     Defendants Equifax, Experian and/or Cavalry were negligent or wanton in the hiring, training, and/or supervision of their employees and/or agents.

83.     The employees and/or agents of these Defendants, while acting in furtherance of each one's employment or agency and in the line and scope of each one's respective employment or agency, were incompetent to perform his/her duties and all Defendants did know, or should have known, of such incompetence.

84.     The negligent or wanton conduct of those employees and/or agents of all Defendants, including the fictitious party Defendants, while acting in furtherance of each one's employment or agency and in the line and scope of each one's respective employment or agency lead to the Plaintiff's account at issue in this matter being reported inaccurately on her credit reports.

85.     Plaintiff has been damaged as a proximate result of all Defendants' wrongful conduct as set forth in this Complaint, including, but not limited to, Plaintiff's credit was and is damaged; Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendants Equifax, Experian, and/or Cavalry, jointly and severally, for compensatory and punitive damages in the amount of $50,000, together with interest from the date of injury and the costs and expenses of this proceeding.


                                          __s/Wesley L. Phillips_____
                                          Wesley L. Phillips (PHI053)
                                          Attorney for Plaintiff


OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 130488
Birmingham, Alabama 35213-0488

Telephone: (205) 383-3585
Facsimile:  (800) 536-0385
Email: wlp@wphillipslaw.com


**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS MATTER .**


                            ___s/Wesley L. Phillips_____
                            OF COUNSEL


Plaintiff's Address:
1401 46th Street Ensley
Birmingham, Alabama35208


**PLEASE SERVE SUMMONS AND COMPLAINT BY CERTIFIED MAIL AS FOLLOWS:**


Cavalry Portfolio Services, LLC
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

Equifax Information Services, LLC
c/o CSC Lawyers Incorporating Service, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

Experian Information Solutions, Inc.
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104



ELECTRONICALLY FILED
8/2/2011 1:25 PM
CV-2011-902740.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

| | | |
|---|---|---|
| **ROSALIND HUTCHINSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **Case No.:** _____ |
| | ) | |
| **CAVALRY PORTFOLIO SERVICES, LLC;** | ) | |
| **EXPERIAN INFORMATION SOLUTIONS,** | ) | |
| **INC.; and EQUIFAX INFORMATION** | ) | |
| **SERVICES, LLC;** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>SUMMONS</u>

This service of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

**NOTICE TO:**     **Experian Information Solutions, Inc.**
**c/o CT Corporation System**
**2 North Jackson Street, Suite 605**
**Montgomery, Alabama 36104**

The Complaint which is attached to this summons is important and you must take immediate action to protect your rights.  You are required to mail or hand deliver a copy of a written answer, either admitting or denying each allegation in the Complaint to **PHILLIPS LAW GROUP**, Attorneys for the Plaintiffs, P.O. Box 130488, Birmingham, Alabama 35213. **THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF THE DELIVERY OF THIS SUMMONS AND COMPLAINT OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT**. You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward. The Clerk's address is: Circuit Clerk of Jefferson County, 716 Richard Arrington Blvd North, Room 400, Birmingham, Alabama 35203.


_____
Clerk of Court


Dated: _____



ELECTRONICALLY FILED
8/2/2011 1:25 PM
CV-2011-902740.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**BIRMINGHAM DIVISION**

| | |
|---|---|
| **ROSALIND HUTCHINSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| | ) |
| **vs.** | )   **Case No.:** _____ |
| | ) |
| **CAVALRY PORTFOLIO SERVICES, LLC;** | ) |
| **EXPERIAN INFORMATION SOLUTIONS,** | ) |
| **INC.; and EQUIFAX INFORMATION** | ) |
| **SERVICES, LLC;** | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

## SUMMONS

This service of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

**NOTICE TO:**       **Equifax Information Services, LLC**
**c/o CSC Lawyers Incorporating Service, Inc.**
**150 S. Perry Street**
**Montgomery, Alabama 36104**

The Complaint which is attached to this summons is important and you must take immediate action to protect your rights.  You are required to mail or hand deliver a copy of a written answer, either admitting or denying each allegation in the Complaint to **PHILLIPS LAW GROUP**, Attorneys for the Plaintiffs, P.O. Box 130488, Birmingham, Alabama 35213. **THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF THE DELIVERY OF THIS SUMMONS AND COMPLAINT OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT**.  You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward. The Clerk's address is: Circuit Clerk of Jefferson County, 716 Richard Arrington Blvd North, Room 400, Birmingham, Alabama 35203.


_____
Clerk of Court


Dated: _____

ELECTRONICALLY FILED
8/2/2011 1:25 PM
CV-2011-902740.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### BIRMINGHAM DIVISION

| | | |
|---|---|---|
| **ROSALIND HUTCHINSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **Case No.:** _____ |
| | ) | |
| **CAVALRY PORTFOLIO SERVICES, LLC;** | ) | |
| **EXPERIAN INFORMATION SOLUTIONS,** | ) | |
| **INC.; and EQUIFAX INFORMATION** | ) | |
| **SERVICES, LLC;** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

### PLAINTIFF'S FIRST INTERROGATORIES, REQUEST FOR ADMISSIONS, AND REQUEST FOR PRODUCTION TO DEFENDANT CAVALRY PORTFOLIO SERVICES, LLC

COMES NOW Plaintiff Rosalind Hutchinson, by and through the undersigned counsel, and hereby requests that Defendant Cavalry Portfolio Services, LLC (hereinafter, collectively, "you," "your," and/or "this Defendant"), answer the following interrogatories and requests for production of documents within the time required by the Alabama Rules of Civil Procedure.  In addition, Plaintiff requests that Defendant attach a copy of each and every document referred to in any of the interrogatories or in Defendant's responses thereto or that this Defendant state the date and time the said documents will be produced for inspection and copying at the offices of Plaintiff's attorney.

**NOTE:**    These interrogatories shall be deemed continuing so as to require supplemental answers upon receipt of additional information subsequent to its original response.

**I.    INTERROGATORIES:**

1.    State whether this Defendant's name correctly is stated in the complaint filed in this case.  If not, state the correct way this defendant should be designated as a party defendant in the named action at the time of occurrence made the basis of this lawsuit and at the time of response to these interrogatories.

**RESPONSE:**

2.    State the corporate history of this Defendant, including the date and place of incorporation; whether it is qualified to do business in the State of Alabama, and, if so, the date first qualified; the address of its principal place of business; and the full names of any and all  subsidiaries, divisions, sister corporations, parent corporations, successors, assigns and other like entities.

      a.    State the address of all business locations of this Defendant;

      b.    Describe the nature of this Defendant's business.

**RESPONSE:**

3.    Identify the names, addresses, and telephone numbers of all persons who were witness to or who have personal knowledge of any of the facts, events, or matters that are alleged in Plaintiff's complaint, your answer, anticipated answer and/or defenses thereto and describe and explain your understanding of the matters on which the persons named have knowledge. In addition to identifying said individuals as specified in the instructions above, please include the

following:

    (a) Please state whether each such person is affiliated with, or related to, or employed

by any party (or its agents, servants, officers, or employees) to this lawsuit;

    (b) If any of the persons so listed in response to this interrogatory do not fit the

characterization in subpart (a) above, please describe the nature of their involvement in

this lawsuit;

    (c) Please explain and describe your understanding of their knowledge of such facts.

**RESPONSE:**


    4.    Identify all correspondence or documents that refer or relate to any

correspondence or communication between you and any other defendant in this action, relating or

referring to the Plaintiff, facts, acts, events, or matters alleged in Plaintiff's complaint, or your

answer, anticipated answer and/or defenses thereto.

**RESPONSE:**


    5.    State your policies and procedures and identify the name or title of said policy and

procedure as well as any and all manuals, reference books, of memorandums by whatever name

called, designed to assure the maximum possible accuracy of the information in your database

and that such information is accurately reported to the credit reporting agencies, including

Equifax, Experian, and Trans Union.

**RESPONSE:**

6.     For each request for admission to which you did not give an unqualified "admitted," please state in detail the basis for each such refusal to admit and identify all documents which relate to your refusal to admit.

**RESPONSE:**

7.     Explain in detail why you pulled Plaintiff's credit reports.

**RESPONSE:**

8.     What is your policy and procedure for pulling credit reports? Identify and produce all related documents, including memos, emails, policy and procedure books or guidelines, etc.

**RESPONSE:**

9.     Identify all documents in your possession that you claim are privileged, identifying the types of documents, dates of documents, subject matter of the documents, authors and recipients of the documents, and the applicable privilege.

**RESPONSE:**

10.     State the name and address of each and every witness expected to be called at the trial of this action.

**RESPONSE:**


11.     State how many credit reports of consumers in Alabama you pulled in 2009 and how many you pulled in 2010.

**RESPONSE:**


12.     For each affirmative defense identify all documents, facts, or witnesses that support each such defense.

**RESPONSE:**


13.     State the name and address of each and every expert witness expected to be called at the trial of this action.  Include in your answers any and all opinions, and the basis for such opinions, upon which each and every expert will be called to testify and the qualifications of each expert.

**RESPONSE:**


14.     State your policies and procedures and identify the name or title of said policy and procedure as well as any and all manuals, reference books, of memorandums by whatever name called, for the purpose of conducting a proper and reasonable investigation or re-investigation of